## Commonwealth v. Yost

*Norman E. Kocher*, for Commonwealth.

*George M. Hess, Jr.*, for defendant.

WILLIAMS, P. J., January 4, 1954.—Defendant has been charged and indicted for violation of section (a) of The Vehicle Code of May 1, 1929, P. L. 905, art. X, sec. 1025, as amended, which provides that the driver of any vehicle involved in an accident, resulting in injury or death to any person or damage to property, shall immediately stop such vehicle at the scene of such accident.

Defendant moves to quash the indictment, arguing that her automobile struck a parked and unattended vehicle and that, therefore, if there was any violation, such violation would be one against section (d) of the act as quoted above. Section (d) makes the failure to stop when an unattended vehicle is struck a summary

conviction. It appears that the automobile with which defendant's motor vehicle collided was a parked, unattended vehicle.

Because we are in agreement with the reasoning of Judge Knight in Commonwealth v. Wolfendale, 43 D. & C. 230, we refuse to quash the indictment. Judge Knight ruled:

"In our opinion, subsections (a) and (d) are not in conflict, and our construction of Section 1025 gives effect to both subsections. The gist of the offense is the failure to stop, and it seems to us that it makes little or no difference if the property is attended or unattended. In many cases the hit-and-run driver does not know if the property damage is attended or unattended; his thought is to get away and escape detection. To make his punishment, if apprehended, depend upon the circumstances of whether the property damaged was attended or unattended appears to us to be unreasonable and a result that the legislature did not intend."

We are aware that a different conclusion was reached in at least one other common pleas court.

There appears to be some question in the instant case as to whether or not defendant did stop at the scene of the accident. Such question is a matter of fact to be decided either by the prosecuting officers or a jury. If the district attorney finds from Commonwealth's evidence that defendant did stop, then the case should be nolle prossed, for in such event the charge should have been brought under another section of the act, one of summary conviction. It was pointed out in Commonwealth v. Baker, 53 D. & C. 702, that a momentary stop in order to change gears and direction is not a sufficient compliance with the act. In Commonwealth v. Moore, 63 D. & C. 193, in the same court, defendant hit the wall of a house, was stopped by the collision, then drove away. The court pointed out that there was

no doubt that defendant did stop his vehicle, because his car was against the wall of the house and that, therefore, the violation was not a misdemeanor.

And now, January 4, 1954, the motion to quash is refused.